**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHONG SU YI,

      Plaintiff,

      v.

SUPREME COURT OF THE UNITED
STATES OF AMERICA, *et al.*

      Defendants.

Civil Action No. TDC-15-3731

**MEMORANDUM ORDER**

On December 7, 2015, self-represented Plaintiff Chong Su Yi filed the above-captioned action against the Supreme Court of the United States of America and each of its justices, alleging that his constitutional rights were violated when the Supreme Court denied Yi's petition for writ of certiorari in a separate case. ECF No. 1. Also on December 7, 2015, Yi filed a Motion for Leave to Proceed *In Forma Pauperis*. ECF No. 2. Having reviewed the Motion, the Court finds that Yi is indigent and grants the Motion.

Pursuant to 28 U.S.C. § 1915, a district court must dismiss a complaint filed *in forma pauperis* if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (2012). The Court dismisses Yi's Complaint because the justices of the Supreme Court have absolute immunity from suit and because Yi fails to meet the standard for a writ of mandamus.

A judge "is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "Although unfairness and injustice to a litigant may result on occasion, 'it is a

general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).  Absolute judicial immunity applies so long as a judge is acting in her "judicial capacity" and she is not acting "in the complete absence of all jurisdiction." *Id.* at 11-12.  This immunity bars suits for damages, such as Yi's, brought under 42 U.S.C. § 1983.  *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967).  Section 1983 prohibits courts from granting injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983 (2012).

Yi sought a writ of certiorari from the Supreme Court to appeal the decision of a federal court.  He does not indicate whether the decision he sought to appeal was from a federal district court or court of appeals.  The Supreme Court has discretion to grant or deny petitions for writs of certiorari seeking review of the judgments of courts of appeals. *See* 28 U.S.C. § 1254 (2012).  Consequently, in refusing to grant Yi's petition for writ of certiorari, the justices of the Supreme Court were acting in a judicial capacity and within the Court's jurisdiction.  Although Yi emphasizes that he was pursuing his case without the aid of an attorney, his status as a self-represented litigant does not affect the Supreme Court's jurisdiction or enable him to pierce the justices' immunity.

In addition to the nine justices of the Supreme Court, Yi also names the Supreme Court itself as a defendant in this action.  Section 1983 only authorizes suits against a "person."  The Supreme Court is not a "person" within the meaning of § 1983.  *See Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) (holding that state courts are not "persons" under § 1983); *Oliva v.*

*Boyer*, 163 F.3d 599, at *1 (4th Cir. 1998) (unpublished) (same).  Yi's Complaint is dismissed for failure to state a claim.

Even if Yi's Complaint is construed as a Petition for Writ of Mandamus, it must still be dismissed.  Under 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  A party seeking a writ of mandamus must show that:

   (1) he has a clear and indisputable right to the relief sought;

   (2) the responding party has a clear duty to do the specific act requested;

   (3) the act requested is an official act or duty;

   (4) there are no other adequate means to attain the relief he desires; and

   (5) the issuance of the writ will effect right and justice in the circumstances.

*U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999).  As described above, the justices of the Supreme Court are vested with discretion to grant or deny petitions for writs of certiorari.  Thus, they do not have "a clear duty" to issue a writ for Yi's case.  To the extent Yi has sought a writ of mandamus, his Petition is denied.

Accordingly, it is hereby ORDERED that:

1.  Yi's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2, is GRANTED;

2.  The Complaint is DISMISSED;

3.  The Clerk SHALL PROVIDE a copy of this Memorandum Order to Yi; and

4.  The Clerk SHALL CLOSE this case.


Date:  January 4, 2015

_____/s/_____

THEODORE D. CHUANG
United States District Judge
